UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1198 PA (DTBx) | Date | June 14, 2016 |
|---|---|---|---|
| Title | Adrian Camacho v. Target Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Target Corporation ("Defendant") on June 8, 2016. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Adrian Camacho ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that, "[a]t the time of the filing of the action and at the time of filing this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as Plaintiff alleges that he 'is now and, at all relevant times herein, was a resident of Riverside County in the State of California.'" The quoted language is taken from Plaintiff's First Amended Complaint ("FAC"), filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1198 PA (DTBx) | Date | June 14, 2016 |
|---|---|---|---|
| Title | Adrian Camacho v. Target Corp., et al. | | |

August 12, 2015.[1]  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegation that Plaintiff is a California resident is insufficient to establish Plaintiff's citizenship.  See Kanter, 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id. at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  Defendant argues, citing State Farm v. Dyer, 19 F.3d 514, 519 (10th Cir. 1994), that "Plaintiff's residence is prima facie evidence that he is domiciled in California for purposes of diversity."  This Tenth Circuit opinion, addressing an action originally filed in federal court, does not contradict clear Ninth Circuit precedent that there must not be "any doubt" as to the right of removal.  See Gaus, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, because diversity must exist at the time that removal is effected, see Strotek Corp. v. Air Trans. Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002), Defendant did not carry its burden by citing the FAC filed nearly ten months prior to removal.

     Therefore, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Riverside County Superior Court, Case No. RIC 1507049.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.

---

[1]    Defendant alleges that the Notice of Removal is timely because the case did not become removable until June 3, 2016.